**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KYUNG KI RYU,

               Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

               Respondent.

No. 12-70456

Agency No. A089-587-884

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2015[**]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

    Kyung Ki Ryu, a native and citizen of South Korea, petitions for review of

the Board of Immigration Appeals' (BIA) order dismissing his appeal from an

immigration judge's (IJ) denial of Ryu's application for adjustment of status and

removal order. We lack jurisdiction and dismiss the petition for review.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review questions concerning jurisdiction de novo. *Andersen v. United States*, 298 F.3d 804, 807 n.2 (9th Cir. 2002). We lack jurisdiction to review a judgment regarding granting adjustment of status under 8 U.S.C. § 1255, unless the petition raises constitutional claims. 8 U.S.C. § 1252(a)(2)(B)(i); 8 U.S.C. § 1252(a)(2)(D).

Ryu makes three due process claims: (1) Ryu alleges that the immigration judge improperly ordered him removed from the courtroom while Ms. Lee testified; (2) Ryu alleges that the immigration judge exhibited clear bias; and (3) Ryu alleges that the immigration judge refused to admit relevant documentary evidence to establish the bona fides of the marriage.

We lack jurisdiction to consider Ryu's first two due process claims as these arguments were not raised before the BIA, and thus Ryu failed to exhaust his available administrative remedies. 8 U.S.C. § 1252(d)(1); *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (only issues raised and argued on appeal to the BIA are deemed exhausted); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (requiring exhaustion to preserve issues alleging procedural errors).

Ryu's third due process claim was properly exhausted, however, the claim is insufficiently colorable to invoke this court's jurisdiction. *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). Even if the immigration judge

2

erroneously excluded the evidence regarding the bona fides of Ryu's marriage, the BIA reviewed the issue de novo and affirmed the immigration judge's conclusion that Ryu was ineligible for adjustment of status solely as a matter of discretion. Thus, the BIA rendered harmless any error in the immigration judge's decision. *See Ghaly v. I.N.S.*, 58 F.3d 1425, 1430 (9th Cir. 1995).

**PETITION DISMISSED.**